UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 3:06-36-KKC

MARCUS CAREY,                                                                              PLAINTIFF,

v.                             **OPINION AND ORDER**

STEPHEN D. WOLNITZEK,
*in his Official Capacity*
*as Chairperson of the Kentucky Judicial*
*Conduct Commission, et al.*                                           DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Consolidate the hearing on the Motion for Preliminary Injunction with the trial of this matter on the merits of the Plaintiff Marcus Carey ("Carey") (Rec. No. 3). The Defendants have objected to the motion.

Rule 65(a)(2) of the Federal Rules of Civil Procedure permits the Court to order the trial of an action on the merits be advanced and consolidated with the hearing of the motion for preliminary injunction. This Court has already set a hearing on the Motion for Preliminary Injunction. For the following reasons, however, the Court declines to expedite the final resolution of this matter by consolidating the hearing on the motion for preliminary injunction with the trial on the merits.

A preliminary injunction differs in purpose and effect from a final judgment after a trial on the merits and from a ruling on a motion for summary judgment. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The substantive issue on a motion for preliminary injunction is whether the movant has established a *likelihood* of success on the merits. *Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir.), *cert. denied*, 126 S.Ct. 361

(2005). This is the standard the parties have addressed in their briefs before the Court. Moreover, in this particular case, the issues of law are complex and their resolution will affect not only the litigants but other judicial candidates and the public. Thus, this matter should not be finally decided on an expedited basis.

In addition, the Defendants in this matter have filed Motions to Dismiss in which they raise threshold issues of standing and ripeness which the Court has designated to be heard simultaneously with the Motion for Preliminary Injunction. Those threshold matters will need to be heard and resolved before the Court can conduct a trial on the merits of this matter. Thus, the Court will hear the Motion for Preliminary Injunction and the Motions to Dismiss and will resolve those issues before conducting a trial on the merits.

For all the above reasons, the Motion to Consolidate (Rec. No. 3) is DENIED.

Dated this 27th day of September, 2006.

**Signed By:**
_Karen K. Caldwell_
**United States District Judge**