UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 3:06-36-KKC

MARCUS CAREY, PLAINTIFF,

v.   **JUDGMENT**

STEPHEN D. WOLNITZEK,
*in his Official Capacity
as Chairperson of the Kentucky Judicial
Conduct Commission, et al.* DEFENDANTS.

\* \* \* \* \* \* \* \* \*

On October 15, 2008, this Court entered an Opinion and Order resolving the Motions for Summary Judgment of the Defendants associated with the Kentucky Bar Association (together, the "KBA") and the Plaintiff Marcus Carey.

In the Opinion and Order, the Court granted the Plaintiff's Motion for Summary Judgment as to the Plaintiff's challenges to the provisions of the Kentucky Code of Judicial Conduct that have been denominated in this matter the Solicitation Clause and the Partisan Activities Clause. The Court further DECLARED that those clauses violate the First Amendment to the United States Constitution.

In the October 15, 2008 Opinion and Order, the Court granted the KBA's Motion for Summary Judgment as to the Plaintiff's claim that the provision of the Code denominated in this matter the Commit Clause was unconstitutional and ordered that this claim be dismissed against the KBA.

The Plaintiff's claims regarding the Solicitation Clause, Partisan Activities Clause, and Commit Clause are identical as to the KBA and the other Defendants in this matter – those associated with the Kentucky Judicial Conduct Commission (the "JCC").

Accordingly, for the reasons outlined in the October 15, 2008 Opinion and Order, the Court hereby ORDERS and ADJUDGES as follows:

1) the Solicitation Clause violates the First Amendment to the United States Constitution and all Defendants are PERMANENTLY ENJOINED from enforcing that clause. The Solicitation Clause is found in Canon 5(B)(2) of the Code. The Court finds unconstitutional only that portion of Canon 5(B)(2) that prohibits judges and judicial candidates from soliciting campaign funds. The Court has expressed no opinion as to the constitutionality of the remainder of Canon 5(B)(2) and the Defendants are not enjoined from enforcing any other portion of Canon 5(B)(2);

2) the Partisan Activities Clause violates the First Amendment to the United States Constitution and all Defendants are PERMANENTLY ENJOINED from enforcing that clause. The Partisan Activities Clause is found in Canon 5(A)(2) of the Code. The Court finds unconstitutional only the following portion of Canon 5(A)(2):

> A judge or candidate shall not identify himself or herself as a member of a political party in any form of advertising, or when speaking to a gathering. If not initiated by the judge or candidate for such office, and only in answer to a direct question, the judge or candidate may identify himself or herself as a member of a particular political party.

The Court has expressed no opinion as to the constitutionality of the remainder of Canon 5(A)(2) and the Defendants are not enjoined from enforcing any other portion of Canon 5(A)(2);

3) the Plaintiff's claim that the Commit Clause violates the First Amendment to the United States Constitution is hereby DISMISSED as to all Defendants;

4) this judgment is FINAL and APPEALABLE; and

5) this matter is STRICKEN from the active docket of the Court.

Dated this 27th day of October, 2008.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge